SCOTT N. JOHNSON, ESQ., SBN 166952
DISABLED ACCESS PREVENTS INJURY, INC.
5150 FAIR OAKS BLVD., SUITE 101
PMB #253
CARMICHAEL, CA 95608-5758
TELEPHONE (916) 485-3516
FAX (916) 481-4224
E-MAIL scottnjohnson@comcast.net

Attorney for Plaintiff Scott N. Johnson

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Scott N. Johnson | ) Case No.: |
| Plaintiff, | ) |
| vs. | ) COMPLAINT: <u>CIVIL RIGHTS</u> |
| Castle & King Rock & Ready Mix | ) **COMPLAINT FOR PRELIMINARY AND** |
| Inc, Individually and d/b/a | ) **PERMANENT INJUNCTIVE RELIEF;** |
| Castle & King Rock Ready Mix; | ) **DECLARATORY RELIEF; AND** |
| Charles David King, | ) **MONETARY RELIEF:** DENIAL OF |
| Individually and as Co Trustee | ) CIVIL RIGHTS AND PUBLIC |
| of the Charles David King and | ) FACILITIES TO PHYSICALLY |
| Sharon Rose King 2001 Family | ) DISABLED PERSONS (CIVIL CODE §§ |
| Trust; Sharon Rose King, | ) 51(f), 52); INJUNCTIVE RELIEF |
| Individually and as Co Trustee | ) PER TITLE III, AMERICANS WITH |
| of the Charles David King and | ) DISABILITIES ACT OF 1990 |
| Sharon Rose King 2001 Family | ) |

COMPLAINT - 1

1  Trust,                              )
                                       )
2              Defendants             )
   _____   )

3

4              Plaintiff, SCOTT N. JOHNSON, alleges:

5

6                      **THE PLAINTIFF**

7  1.   Plaintiff, SCOTT N. JOHNSON (hereinafter "Plaintiff"), is a

8  person with physical impairments of quadriplegia and is a

9  "person with a disability" and "physically handicapped person."

10 42 U.S.C. § 12102(2)(A); 28 C.F.R. § 36.104. Plaintiff has

11 substantial limitations and restrictions on many of his major

12 life activities including (but not limited to); standing,

13 walking, breathing, reaching, grasping {Plaintiff is missing

14 some of his fingers}, and balancing, therefore, either unable to

15 use portions of public facilities which contain architectural

16 barriers {ADAAG VIOLATIONS} related to the Plaintiff's mobility

17 disability or is only able to use such portions with undue

18 difficulty.  As such, Plaintiff requires the use of a "Service

19 Animal," wheelchair, and full size van with hand-controls along

20 with a passenger side wheelchair lift. The Plaintiff has a

21 mobility related disability.  The Plaintiff does not have either

22 a hearing or vision impairment.  Attached, hereto, as **Exhibit A,**

23 is a copy of the Plaintiff's DMV disabled parking placard.

24 Plaintiff is currently a resident of Sacramento County and has

25 been a resident for over 40 years.

26 //

27

28

## PUBLIC ACCOMMODATION

2. *CASTLE & KING ROCK & READY MIX*  is a landscape material provider with a parking lot located at 105 Aegean Wy**,** Vacaville, California,  and is a public accommodation as defined by 42 U.S.C. § 12181(7); 28 C.F.R. § 36.104; (hereinafter the "PUBLIC ACCOMMODATION").

## THE DEFENDANTS

3.  Defendants own, operate, manage, lease (or lease to), the PUBLIC ACCOMMODATION and property.  Defendants include: Castle & King Rock & Ready Mix Inc, Individually and d/b/a Castle & King Rock Ready Mix; Charles David King, Individually and as Co Trustee of the Charles David King and Sharon Rose King 2001 Family Trust; Sharon Rose King, Individually and as Co Trustee of the Charles David King and Sharon Rose King 2001 Family Trust; (hereinafter collectively "Defendants").  Attached, hereto, as **Exhibit B,** are copies of ownership and operation documentation.

//
//
//
//
//
//
//
//
//

# THE FACTS

4.   **Summary of facts**: The Plaintiff was discriminated against when he personally encountered the following architectural barriers which relate directly to his mobility disability and which deprive him full and equal enjoyment of the premises in violation of the Americans with Disabilities Act ("ADA"): the correct number and type of properly configured disabled parking space(s) including the lack of a van accessible disabled parking space [no disabled parking exist], {the Plaintiff drives a van with a side entry wheelchair lift}, accessible route {the Plaintiff utilizes a wheelchair for mobility and has limited balance}, accessible entrance {the Plaintiff requires compliant clear space and landing due to his wheelchair, poor balance, reach and strength limitations.  The Plaintiff also requires compliant door width due to his wheelchair and compliant door pressure and door handles due to his limited grasping ability, strength and balance limitations.  Additionally, the Plaintiff requires compliant door closing speeds so that the door does not close on either him or his Service Animal}, accessibility signage, striping. The removal of the above referenced architectural barriers is readily achievable. **Written Notice:** In a letter dated May 27, 2009, which was mailed to the PUBLIC ACCOMMODATION on May 28, 2009, and addressed to the landlord/business operator, the Plaintiff informed the Defendants about the lack of accessibility and requested that the property be brought into conformity within 90 days.  The

Plaintiff also enclosed a publication produced by the United States Department of Justice concerning Americans with Disabilities Act requirements, along with the official United States Department of Justice web site (www.ADA.gov).  This is attached as **Exhibit C**.  A certificate of mailing is attached as **Exhibit D**.  The Plaintiff first attempted to resolve the access issues through voluntary compliance and education.  The Plaintiff was contacted regarding the issues. Attached hereto as **Exhibit E,** is the defendants response letter.  **Actual and deterred visits:** The Plaintiff has two (2) actual visits during the past year in which he encountered the mobility related architectural barriers, which prevented full and equal access to the PUBLIC ACCOMMODATION, one of which was on or about January 19, 2011.  The Plaintiff was deterred and foregone two (2) visits to the PUBLIC ACCOMMODATION during the past year.  The following deterred visits are based upon personal knowledge of existing mobility related architectural barriers which limits the Plaintiff's full and equal enjoyment of the PUBLIC ACCOMMODATION.  The Plaintiff is not required to engage in the "futile gesture" of actually returning to the inaccessible place of public accommodation. *Pickern v. Holiday Quality Foods, Inc.*, 293 F3d. 1133, 1135 (9th Cir. 2002).  The Plaintiff would like to be able to return and receive the goods/services as an equal. **Opportunity to remove architectural barriers and provide disabled access:** The Plaintiff provided over twenty-one (21) months from the date of the original notice of architectural

barriers in hopes that the architectural barriers would be
removed without the need of this lawsuit.  As of today's date,
mobility architectural barriers remain.  This case involves the
denial of access to the Plaintiff and others similarly situated.
Plaintiff was denied equal protection of the law and was denied
Civil Rights under both California law and federal law, as
hereinbelow described.  Plaintiff was denied his rights to full
and equal access to the PUBLIC ACCOMMODATION because of the
mobility related architectural barriers without difficulty and
embarrassment when he went there on the above referenced dates,
which made the PUBLIC ACCOMMODATION not properly accessible to
Plaintiff.  **Plaintiff seeks injunctive relief to require
Defendants to remove all architectural barriers related to his
mobility disability at the PUBLIC ACCOMMODATION;** to comply with
the Americans with Disabilities Act of 1990 (ADA); and Americans
with Disabilities Act Accessibility Guidelines (ADAAG) contained
in 28 CFR Part 36.  Including, but not limited to, §4.1.2
Accessible Sites and Exterior: New Construction; §4.1.3
Accessible Buildings: New Construction; §4.1.5 Accessible
Buildings: Additions; §4.1.6 Alterations; §4.2 Space Allowance
and Reach Ranges; §4.3 Accessible Route; §4.5 Ground and Floor
Surfaces; §4.6 Parking and Passenger Loading Zones, §4.7 Curb
Ramps; §4.8 Ramps; §4.13 Doors; §4.14 Entrances; §7 Business and
Mercantile; and Title 24 California Code of Regulations,
California Building Standards Code (CBC) where required; to
remove all barriers to access which are readily achievable, to

make all reasonable accommodations in policy in order to enable
Plaintiff and others similarly situated to use the PUBLIC
ACCOMMODATION and at minimum, to use readily achievable
alternative methods to enable Plaintiff to use the goods and
services which the PUBLIC ACCOMMODATION makes available to the
non-disabled public. On each of the above listed occasions, when
the Plaintiff visited the PUBLIC ACCOMMODATION, he was not
allowed full and equal enjoyment and access to the PUBLIC
ACCOMMODATION because of the mobility related architectural
barriers. As a result, Plaintiff was humiliated and embarrassed,
made to feel as if he was a second class citizen, and
experienced humiliation, embarrassment, emotional damage and
minimal physical personal injury.  Plaintiff also seeks the
recovery of damages involved in the discriminatory experiences
of the past year and seeks recovery of reasonable attorney's
fees (if incurred) and litigation expenses and costs according
to statute.  **Plaintiff does not seek daily damages and Plaintiff
does not seek actual damages.  The Plaintiff seeks monetary
damages based upon the statutory minimums under California Civil
Code Sections 51(f) and 52.** Attached, hereto, as **Exhibit F,** is a
photograph of the non-existent disabled parking.

//

//

//

//

//

## JURISDICTION

5. **Jurisdiction:**  The Court has jurisdiction of the action pursuant to 28 USC § 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 et seq.  Pursuant to supplemental jurisdiction, attendant and related causes of action arising from the same facts are also brought under California Civil Code §§ 51(f), 52.  The Plaintiff does not seek relief under the California Disabled Persons Act, Health and Safety Code, or California Civil Code Section 55.

## VENUE

6. **Venue:**  Venue is proper in this Court pursuant to 28 USC 1391(b) and is founded on the fact that the location where Plaintiff experienced his discrimination is located in this district and that Plaintiff's causes of action arose in this district.

//
//
//
//
//
//
//
//
//
//
//

# **INTRADISTRICT**

7.   **Intradistrict:**  This case should be assigned to the
Sacramento intradistrict because the incident occurred in, and
Plaintiff's rights arose in, the Sacramento intradistrict.
**PLAINTIFF WILL STIPULATE TO A VOLUNTARY DISPUTE RESOLUTION
PROGRAM (VDRP).  PLAINTIFF CONSENTS AN EARLY SETTLEMENT
CONFERENCE.**

8.   The PUBLIC ACCOMMODATION is a "public accommodation or
facility" subject to the requirements of California Civil Code
§§51(f), 52; and the Americans with Disability Act of 1990. 42
U.S.C. § 12181(7); 28 C.F.R. § 36.104.

9.   Plaintiff is a person with quadriplegia and is confined to
a wheelchair and yet Plaintiff and his "Service Animal" (Lennox)
remain highly active and are involved in their community.
Plaintiff drives a full size Ford van which is equipped with
hand-controls and a wheelchair lift.  If (and when) Plaintiff
was to park in a non-van accessible disabled parking space, he
could very easily be blocked from returning to his vehicle,
which would restrict Plaintiff from leaving.  If (and when)
Plaintiff was to access a non-accessible restroom the problem
could be compounded and could turn dangerous because of the non-
accessibility.

10.  Defendants are and were the owners, operators, managers,
leasers' and lessors of the PUBLIC ACCOMMODATION and of the
subject real property and at all times relevant herein.
Plaintiff is informed and believes that each of the Defendants

1  is and was the agent, employee or representative of each of the

2  other Defendants, and performed all acts and omissions stated

3  herein within the scope of such agency or employment or

4  representative capacity and is responsible in some manner for

5  the acts and omissions of the other Defendants in proximately

6  causing the damages complained of herein.

7  11.  Plaintiff is unable to use public facilities on a "full and

8  equal" basis unless each such facility is in compliance with the

9  provisions of the Americans with Disabilities Act of 1990 and

10  the regulations thereof as they relate to his mobility

11  disability.  Under Civil Code §51(f), Defendants were required

12  to comply with the requirements of the Americans with

13  Disabilities Act of 1990 and the federal regulations adopted

14  pursuant thereto.  The acts and omissions of which Plaintiff

15  complains took place at the PUBLIC ACCOMMODATION.

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27

28

# FIRST CLAIM FOR RELIEF:

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

## 42 USC §§ 12101 FF

12.  Plaintiff re-alleges the allegations of paragraphs 1-11 hereof.

13.  Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans [with] one or more physical or mental disabilities"; that "historically society has tended to isolate and segregate individuals with disabilities"; and that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem"; that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals"; and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous ..."

14.  Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC §12101(b)): It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, **enforceable standards** addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and

(4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of **discrimination faced day to day** by people with disabilities (emphasis added).

15.  As part of the Americans with Disabilities Act, Public Law 101-336; (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181 ff).  Among "private entities" which are considered "public accommodations" for purposes of this Title is a PUBLIC ACCOMMODATION (Regulation 36.104).

16.   Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases or leases to, or operates a place of public accommodation."

17.   Among the specific prohibitions against discrimination were included: *§12182(b)(2)(A)(ii)*: "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities ..."; *§12182(b)(A)(iii)*: "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services ..."; *§12182(b)(A)(iv)*: "A failure to remove architectural barriers and communication barriers that are structural in nature, in existing facilities ... where such removal is readily achievable"; *§12182(b)(A)(v)*: "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or

accommodations available through alternative methods if such methods are readily achievable".   The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

18. Title III of the ADA establishes that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation...." 42 U.S.C. §  12182(a).  "Discrimination" is defined as, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...." 42 U.S.C. § 12182(b)(2)(A)(ii).  Defendants had an obligation to have some sort of plan which would have allowed Plaintiff to enjoy the PUBLIC ACCOMMODATION services without having to suffer the indignities as aforesaid.

19.  Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to

discrimination on the basis of disability in violation of this

Title or has reasonable grounds for believing that he is about

to be subjected to discrimination in violation of §12182.  On

information and belief, Defendants have continued to violate the

law and deny the rights of Plaintiff and of other disabled

persons to access this public accommodation since on or before

March 14, 2011.  Pursuant to §12188(a)(2), "In cases of

violations of §12182(b)(2)(A)(iv) ... injunctive relief shall

include an order to alter facilities to make such facilities

readily accessible to and usable by individuals with

disabilities to the extent required by this title."

20.  Plaintiff seeks relief pursuant to remedies set forth in

§204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a),

and pursuant to Federal Regulations adopted to implement the

Americans with Disabilities Act of 1990.  Plaintiff is a person

for purposes of Section 12188(a) of the ADA who is being

subjected to discrimination on the basis of disability in

violation of Title III and who has reasonable grounds for

believing he will be subjected to such discrimination each time

that he may attempt to patronize the PUBLIC ACCOMMODATION.

21.  Injunctive relief: Plaintiff seeks injunctive relief to

prohibit the acts and omissions by Defendants at the PUBLIC

ACCOMMODATION as stated above which appear to be continuing, and

which have the effect of wrongfully excluding Plaintiff from using the PUBLIC ACCOMMODATION.  Plaintiff frequently travels within a short distance of the PUBLIC ACCOMMODATION, and thus will either continue to use the PUBLIC ACCOMMODATION and encounter the mobility related architectural barriers, which limit his full and equal enjoyment of the PUBLIC ACCOMMODATION or will refrain from using the PUBLIC ACCOMMODATION until the accommodations are provided.  Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second class citizen and serve to discriminate against Plaintiff on the sole basis that Plaintiff is a person with a mobility related disability and requires the use of a wheelchair and a van with a wheelchair lift for movement in public places.  Plaintiff is unable so long as such acts and omissions of Defendants continue, to achieve equal access to and use of the public facility.  The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks an injunction as to every violation of Federal disability access law which is related to his mobility disability.

//

## SECOND CLAIM FOR RELIEF:   DAMAGES FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION: PUBLIC FACILITIES AT A PUBLIC ACCOMMODATION
## (Civil Code §§ 51(f), 52)

22.  Plaintiff re-alleges the allegations of paragraphs 1-21 hereof.

23.  Civil Code §§ 51(f) and 52, et seq., were enacted to prohibit discrimination against people with disabilities and to encourage the full and free use by people with disabilities of public facilities and other public places.  CC §51(f) states that a violation of the Americans with Disabilities Act of 1990 is a violation of this section.  **A violation of the ADA is a *per se* violation of CC § 51 (<u>KATHLEEN LENTINI v. CALIFORNIA CENTER FOR THE ARTS, ESCONDIDO</u>; 370 F.3d 837 (9th Cir. 2004)); CC § 52 states that minimum damages for discrimination are $4,000 for each and every offense (<u>KATHLEEN LENTINI v. CALIFORNIA CENTER FOR THE ARTS, ESCONDIDO</u>; 370 F.3d 837 (9th Cir. 2004)).  The Plaintiff <u>IS NOT</u> ASKING FOR DAILY DAMAGES OR ACTUAL DAMAGES.**

24.  On each of the above listed occasions, when the Plaintiff visited the PUBLIC ACCOMMODATION, he was not allowed full and equal enjoyment and access to the PUBLIC ACCOMMODATION because

of the mobility related architectural barriers.  As a result, Plaintiff was humiliated and embarrassed, made to feel as if he was a second class citizen, and experienced humiliation, embarrassment, emotional damage and minimal physical personal injury.  **Plaintiff IS NOT ASKING FOR DAILY DAMAGES OR ACTUAL DAMAGES.**

25.  Defendants' failure to institute policies in furtherance of accessibility or at least have an alternate policy to enable Plaintiff to use the goods and services offered to the non-disabled public without having to suffer the indignities, as aforesaid, was a violation of the Americans with Disabilities Act and federal regulations adopted pursuant thereto, and as a consequence, was a violation of Civil Code §51(f).

26.  Damages: As a result of the denial of full and equal enjoyment and access to the PUBLIC ACCOMMODATION and due to the acts and omissions of Defendants and each of them in owning, operating and/or leasing the subject real property, Plaintiff suffered a violation of Civil Rights under Civil Code §§ 51(f), 52 and suffered mental and emotional distress, embarrassment and humiliation, and minimal physical personal injury all to Plaintiff's damages.  Defendants' actions and omissions to act constituted discrimination against Plaintiff on the sole basis that Plaintiff was physically disabled and unable to use the

facilities on a full and equal basis as other persons.

**Plaintiff seeks the minimum damages of $4,000 pursuant to CC §52 for each and every offense and is limited to his actual and deterred visits.  Plaintiff <u>IS NOT</u> ASKING FOR DAILY DAMAGES OR ACTUAL DAMAGES.**

27.  Fees and costs: As a result of Defendants' acts, omissions and conduct, Plaintiff has incurred costs and might be required incur attorney's fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney's fees (if incurred) and costs, pursuant to the provisions of Civil Code §52.

28.  Wherefore, Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendants to comply with the requirements of the Americans with Disabilities Act of 1990 and regulations adopted pursuant thereto with respect to mobility related access of disabled persons to the PUBLIC ACCOMMODATION; for minimum damages pursuant to CC §52 and for attorneys' fees (if incurred) and costs pursuant to CC §52.

//

Wherefore Plaintiff prays for relief as hereinafter stated:

## PRAYER

1.  Issue a preliminary and permanent injunction directing Defendants to modify its facilities and policies as required by law to comply with the ADA and ADA regulations as they relate to mobility related architectural barriers, including the ADAAG where required, institute policies in furtherance of accessibility or at least have an alternate policy to enable Plaintiff to use the goods and services offered to the non-disabled public so that it provides adequate access to all citizens, including persons with disabilities; and issue a preliminary and permanent injunction directing Defendants to maintain its facilities usable by plaintiff and similarly situated persons with disabilities in compliance with federal regulations, and which provide full and equal access, as required by law;

2.  Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and will not recur;

3.   Award to Plaintiff statutory damages under California Civil Code §52 for each actual visit to the PUBLIC ACCOMMODATION and for each deterred visit, all according to proof. **Plaintiff IS NOT ASKING FOR DAILY DAMAGES OR ACTUAL DAMAGES OR PUNITIVE DAMAGES.**

4.   Award to Plaintiff all reasonable attorneys' fees (if incurred), all litigation expenses, and all costs of this proceeding as provided by law;

5.   Declaratory relief that Defendants violated the ADA for the purpose of Unruh Act.


Dated:  March 14, 2011


                    __/S/ SCOTT N.JOHNSON_
                     By: SCOTT N. JOHNSON
                     Attorney for Plaintiff